IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK BETTINAZZI and
JANE BETTINAZZI,

        Plaintiffs,

v.                                    Civil Action No. 5:13CV166
                                                          (STAMP)
STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.


                  **MEMORANDUM OPINION AND ORDER**
              **GRANTING IN PART AND DENYING IN PART**
                    **DEFENDANT'S MOTION TO DISMISS**

                     I.  Procedural History

    The plaintiffs, Mark and Jane Bettinazzi, originally filed this action in the Circuit Court of Marshall County, West Virginia. The plaintiffs' complaint asserts two claims against defendant, State Farm Fire and Casualty Company, who insured the plaintiffs' property located in Marshall County, West Virginia. Specifically, the plaintiffs assert that the defendant breached the parties' insurance contract and failed to act in good faith in relation to such contract. These claims arise out of damages incurred on the plaintiffs' property as a result of alleged mine subsidence.

    The defendant removed this action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Thereafter, the defendant filed a motion to dismiss the plaintiffs' complaint. As to the plaintiffs' claim for breach of contract, the defendant asserts that the plaintiffs have filed suit against the

wrong party, as the defendant is not the entity responsible for the denial of their insurance claim. As to the damages related to this claim, the defendant argues that the plaintiffs cannot recover such damages as they are excluded as recoverable elements of damages pursuant to the insurance contract between the parties. The defendant, lastly argues that it did not breach any duty to act in good faith and thus, this claim should also be dismissed.

The plaintiffs filed a response in opposition to the defendant's arguments concerning the breach of contract claim. As to the plaintiffs' claim for breach of the duty to act in good faith, however, the plaintiffs agreed to voluntarily dismiss this claim without prejudice. Thus, this Court grants the defendant's motion as to the plaintiffs' claim for breach of the duty to act in good faith and dismisses such claim without prejudice. For the reasons set forth more fully below, however, this Court denies the defendant's motion to dismiss insomuch as it concerns the plaintiffs' claim for breach of contract.

## II. Facts[1]

The plaintiffs contracted with the defendant to provide insurance on their property in Marshall County, West Virginia. This insurance policy included coverage for damages caused by mine subsidence. In March 2011, the plaintiffs started to notice

---

[1]For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiffs in their complaint.

structural damage to their residence, including cracked brick veneer, issues with the windows, gaps between the floor and house foundation, dry wall cracks, and uneven floors throughout the residence. The plaintiffs believe this damage is a result of mine subsidence, as they believe the Alexander Coal Mine conducted room and pillar mining on the property. Thus, the plaintiffs filed a claim under their insurance policy for damages caused by mine subsidence. The plaintiffs' claim was thereafter denied. Further, the plaintiffs learned that their property had been subject to a prior mine subsidence claim and that a jury had determined the structures on the property had suffered subsidence damage.

### III. Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.

1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

## IV. Discussion

The defendant argues that it is not the entity responsible for denying the plaintiffs' alleged mine subsidence claim because by statute such claim is referred to the West Virginia Board of Risk and Insurance Management ("BRIM"). The defendant asserts that upon receiving the plaintiffs' claim, it reported the claim to BRIM. Thereafter, BRIM allegedly investigated the claim, retained an independent adjusting firm and two engineers, and ultimately concluded that the plaintiffs did not present a proper mine subsidence claim. Therefore, the defendant asserts that because it did not and could not deny the plaintiffs' claim, it is not the proper defendant in this action. In response, the plaintiffs

assert that the defendant is ignoring the fact that the plaintiffs and the defendant are the parties to the insurance contract. Thus, the plaintiffs assert that such relationship establishes that the defendant is the proper defendant for the plaintiffs' claim for breach of contract.

This Court recognizes that the defendant was obligated by state regulations to report the plaintiffs' claim for damages for alleged mine subsidence to BRIM and BRIM thereafter has settlement authority. See W. Va. Code St. R. § 115-1-4. This Court, however, has not located, nor has the defendant alerted this Court to any provision in the West Virginia State Code of Regulations or any West Virginia statute that prevents the plaintiffs from asserting a claim against the entity with whom the plaintiffs maintained the underlying insurance policy.

To state a breach of contract claim under West Virginia law, a plaintiff must show: (1) existence of a valid enforceable contract; (2) plaintiff performed under the contract; (3) defendant breached or violated a duty under the contract; and (4) the plaintiff was injured by this breach. Wince v. Easterbrooke Cellular Corp., 681 F. Supp. 2d 688, 693 (N.D. W. Va. 2010). The plaintiffs asserted that they maintained an insurance policy with the defendant and paid the premiums for such policy to the defendant; thus, asserting the existence of a valid contract and asserting that they performed under such contract. The plaintiffs

then argue that the defendant breached this insurance contract by failing to compensate the plaintiffs for damages, which they assert are covered under the policy. Accordingly, based on the plaintiffs' complaint, this Court finds that the plaintiffs have stated a valid claim for breach of contract. While the defendant seems to argue that it was not the party to breach the contract, this Court finds that based on the complaint, it cannot make such determination at this time.

Further, this Court finds that the defendant's argument concerning indirect or consequential damages to be without merit. While these damages may in fact be excluded under the insurance policy, this does not equate to a finding that such damages are excluded as damages resulting from a legal action pertaining to such policy. In fact, according to the West Virginia Supreme Court in <u>Hayseeds, Inc. v. State Farm Fire & Casualty</u>, when a policyholder substantially prevails in a property damage suit against an insurer, the policyholder is entitled to damages for net economic loss, an award for aggravation and inconvenience, as well as reasonable attorney's fees. 352 S.E.2d 73, 80 (W. Va. 1986). Accordingly, this Court cannot dismiss plaintiffs' claim for

indirect or consequential damages based on the alleged breach of contract at this time.[2]

## V. Conclusion

For the reasons stated above, the defendant's motion to dismiss is GRANTED as to the plaintiffs' claim for breach of good faith, which is hereby DISMISSED WITHOUT PREJUDICE. The defendant's motion is DENIED, however, as to the plaintiffs' claim for breach of contract.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   January 22, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[2] On January 17, 2013, the defendant filed a reply to plaintiffs' response, which will not be considered because it was not timely filed. Nevertheless, even if considered, it would not change this Court's ruling.